UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

SIERRA S.,[1]

      Plaintiff,

v.                                                                              No. 6:24-CV-092-H

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,

      Defendant.

**ORDER ADOPTING FINDINGS, CONCLUSIONS,
AND RECOMMENDATIONS OF THE MAGISTRATE
JUDGE AND OVERRULING THE PLAINTIFF'S OBJECTIONS**

Before the Court are the Findings, Conclusions, and Recommendations (FCR) of

United States Magistrate Judge Brian McKay. Dkt. No. 30. The FCR recommends

affirming the Commissioner of Social Security's decision denying the plaintiff's application

for Disability Insurance Benefits under Title II of the Social Security Act. *Id.* at 1. The

plaintiff objected to the FCR, arguing that the administrative law judge (ALJ) either did not

rely on substantial evidence or insufficiently explained her conclusions. Having reviewed

the objected-to portions of Judge McKay's FCR de novo, the Court overrules the plaintiff's

objections. The FCR is otherwise free of plain error. Accordingly, the FCR is adopted in

full, and the Commissioner's decision is affirmed.

**1.      Factual and Procedural Background**

In 2021, the plaintiff applied for Disability Insurance Benefits, alleging disability due

to depression, anxiety, and obsessive-compulsive disorder. Dkt. No. 15-1 at 126. After the

---

[1] Due to concerns regarding the privacy of sensitive personal information available to the public
through opinions in Social Security cases, the plaintiff is identified only by first name and last
initial.

plaintiff's application was denied initially and again upon reconsideration, she requested a hearing before an ALJ.  *Id.* at 24.

The ALJ held a hearing in early 2024.  *Id.*  The plaintiff testified, as did an impartial vocational expert.  *Id.*  Later, the ALJ handed down her decision finding the plaintiff not disabled and denying the application for benefits.  *Id.* at 24–37.  The Social Security Appeals Council denied the plaintiff's request for review.  *Id.* at 6–9.  Accordingly, the ALJ's decision became the Commissioner's final decision.  *Sims v. Apfel*, 530 U.S. 103, 107 (2000).  The plaintiff therefore exhausted administrative remedies.  *Id.*

The plaintiff timely sought judicial review.  Dkt. No. 1; *see* 42 U.S.C. § 405(g).  Under Special Order No. 3-350, the case was referred to Judge McKay to issue an FCR.  *See* Dkt. No. 13.  After the parties fully briefed the appeal, Judge McKay issued his FCR recommending that the Court affirm the Commissioner's decision denying benefits.  Dkt. Nos. 21; 28–30.  The plaintiff timely filed objections, though the Commissioner did not respond.  Dkt. No. 31.  The FCR is ripe for review.

## 2.  Legal Standards

### A.  Review of Magistrate Judge's Recommendations

A party must file specific written objections to an FCR within 14 days of being served with a copy.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  As for portions where no specific objections are filed within the 14-day period, the Court reviews the magistrate judge's findings, conclusions, and recommendations only for plain error.  *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 502 (5th Cir. 2020).  But when a party objects to a magistrate judge's FCR, the Court must review those objected-to portions de novo.  *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 646 (5th Cir. 1994); 28

U.S.C. § 636(b)(1).  The Court may then accept, reject, or modify the recommendations or findings, in whole or in part.  Fed. R. Civ. P. 72(b)(3).

### B.    Review of the Social Security Commissioner's Decision

Judicial review of the Commissioner's decision to deny benefits "is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005).  Substantial evidence is "more than a mere scintilla" and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quotation omitted).  The threshold for substantial evidence is "not high." *Id.*

As the Fifth Circuit put it, review of an ALJ's decision is "exceedingly deferential." *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012).  Courts "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [their] judgment for that of the [ALJ], even if the evidence preponderates against the [ALJ's] decision." *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (quoting *Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir. 1988)).  "Conflicts in the evidence are for the [ALJ] and not the courts to resolve." *Id.* (quoting *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)).

### C.    The Sequential Evaluation for Determining Disability

To qualify for benefits, "a claimant must suffer from a disability." *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (citing 42 U.S.C. § 423(d)(1)(A)).  The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" that "can be expected to result in death" or "last for a continuous period of not less than 12 months." 42 U.S.C.

§ 423(d)(1)(A). A disabled worker is entitled to monthly benefits if certain conditions are met. *Id.* § 423(a).

An ALJ uses a five-step sequential evaluation to determine whether a claimant is disabled. The claimant bears the burden of proof on all but the last step. *Copeland*, 771 F.3d at 923. A finding that the claimant is disabled or not disabled at any step in the evaluation is conclusive and ends the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

Step one asks whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ asks at step two whether the claimant has a medical impairment, or a combination of impairments, that are severe. *Id.* § 404.1520(c); *see Bowen v. Yuckert*, 482 U.S. 137, 140–41 (1987). Concluding that the claimant does not have a severe impairment or combination of impairments compels a "not disabled" finding. Otherwise, the ALJ proceeds to step three.

At step three, the ALJ considers whether a claimant's impairment tracks the criteria for a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. § 404.1520(d). These regulations are known as the "Listings." *See Jones v. O'Malley*, 107 F.4th 489, 493 (5th Cir. 2024). If the claimant's impairment meets or medically equals a Listing's criteria and meets a duration requirement, then the claimant is disabled and benefits are due. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(iii). But if the impairment does not correspond with a Listing, the ALJ then pauses to determine the claimant's residual functional capacity (RFC), defined as the most physical and mental work the claimant can do on a sustained basis despite her limitations. *Id.* § 404.1545(a).

The RFC is vital to steps four and five. At step four, the ALJ must evaluate whether the claimant can still—given her RFC—succeed in her past relevant work. If she can, then

benefits must be denied. *Id.* § 404.1520(f). If she cannot, the ALJ proceeds to the final step and determines, usually with the help of a vocational expert, whether there are sufficient jobs available in the national economy that the claimant can perform given her RFC and other relevant characteristics. *Id.* § 404.1520(g)(1); *see Vaughan v. Shalala*, 58 F.3d 129, 132 (5th Cir. 1995). If so, then she is not entitled to benefits.

## 3.     Analysis

The plaintiff lodges two objections: (1) that the ALJ's step-three conclusion did not adequately account for her limitations in adapting to change, and (2) that the ALJ failed to adequately explain her decision at step five. Dkt. No. 31 at 1, 3. The Court addresses—and overrules—both objections.[2]

### A.     Substantial evidence supports the ALJ's step-three conclusion that the plaintiff has moderate limitations in adapting or managing herself.

First is the plaintiff's objection to step three of the ALJ's sequential evaluation. At that step, the ALJ determined that the plaintiff's impairments did not meet or medically equal the criteria for a relevant Listing. Dkt. No. 15-1 at 27–28. So the ALJ went on to assess the plaintiff's RFC and whether she could perform either her past relevant work or jobs that exist in significant numbers in the national economy. *Id.* at 29–36. The question here is whether substantial evidence supports the ALJ's step-three determination.

#### i.     The Listings for the plaintiff's impairments require certain limitations in one or more domains of mental functioning.

Some background is helpful. Recall that the Listings "operate as a presumption of disability." *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990). If a claimant's impairment meets or

---

[2] The Court has reviewed the unobjected-to portions of the FCR for plain error. *Serrano*, 975 F.3d at 502. Finding none, the Court accepts and adopts those portions of the FCR.

medically equals the criteria for an applicable Listing, then she is entitled to benefits no matter her age, education, or work experience.  20 C.F.R. § 404.1520(d).  The criteria in the Listings are "demanding and stringent," *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994), and a medical diagnosis—standing alone—is not enough.  20 C.F.R. § 404.1525(d).  To rely on a Listing, the claimant must show that her impairment (or combination of impairments) meets every requirement in the applicable regulation.  *Id.* § 404.1525(c)(3).

Here, the ALJ identified five severe mental impairments: major depressive disorder, generalized anxiety disorder, obsessive-compulsive disorder, trichotillomania, and post-traumatic stress disorder.[3]  Dkt. No. 15-1 at 26.  These disorders fall under Listings 12.04, 12.06, and 12.15.[4]  *Id.* at 27; *see* 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00(A)(1).  For these Listings, ALJs look to what are known as the "paragraph B criteria." *James S. v. Dudek*, No. 4:24-CV-588, 2025 WL 1869440, at *3 (N.D. Tex. July 7, 2025).  These criteria identify four domains of mental functioning:

1.  Understanding, remembering, or applying information;

2.  Interacting with others;

3.  Concentrating, persisting, or maintaining pace; and

4.  Adapting or managing oneself.

20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00(E).  The ALJ evaluates a claimant's capacity in each domain using a five-point scale—no limitation, mild limitation, moderate limitation,

---

[3] The ALJ also determined that the plaintiff is obese.  Dkt. No. 15-1 at 26.  While there is no Listing for obesity, the ALJ considered whether the evidence supported a finding that the plaintiff's obesity corresponds to one of three musculoskeletal, respiratory, or cardiovascular Listings, as required by Social Security Ruling 19-2p.  *Id.* at 27.  The ALJ concluded that none of those Listings apply here, and the plaintiff does not challenge that decision on appeal.

[4] These Listings address, respectively, depressive, bipolar, and related disorders; anxiety and obsessive-compulsive disorders; and trauma- and stressor-related disorders.

marked limitation, or extreme limitation. *See id.* § 12.00(F)(1)–(2).  To meet the applicable Listing, a mental impairment must cause either an extreme limitation in one domain or a marked limitation in two.  *Id.* § 12.00(A)(2)(b).

Turning to the evidence, the ALJ found that the plaintiff had a marked limitation in the third domain (concentrating, persisting, or maintaining pace) and moderate limitations in the others.  Dkt. No. 15-1 at 27–28.  Because the plaintiff's mental impairments did not satisfy the paragraph B criteria by causing at least two marked limitations or one extreme limitation, the ALJ concluded that no Listing applied.  *Id.*

### ii.    The ALJ adequately addressed the plaintiff's capacity to adapt to change.

The plaintiff challenges the ALJ's moderate-limitation finding for the fourth domain—adapting or managing oneself.  *See* Dkt. No. 21 at 14–16.  Pointing to the plaintiff's testimony, the ALJ noted the plaintiff's "difficulties handling stress, handling change, and managing her mood."  Dkt. No. 15-1 at 28.  But the plaintiff "also stated that she is able to handle self-care and personal hygiene, care for pets, and care for plants."  *Id.* And other evidence revealed that the plaintiff had "appropriate grooming and hygiene, no problem getting along well with providers and staff, and no problems with temper control." *Id.*  Thus, the ALJ found that the plaintiff had moderate limitations in this domain.

In her objection, the plaintiff contends that the ALJ's analysis glossed over the domain's "adapting" component.  Dkt. No. 31 at 3–4.  As the argument goes, evidence of the plaintiff's interpersonal functioning and personal hygiene goes to her ability to manage herself, not her ability to adapt to change.  *Id.*  Put another way, the ALJ reportedly overlooked a key facet of the domain by insufficiently addressing the plaintiff's struggles adapting to change.

This argument lacks merit.  As Judge McKay explained in his thorough FCR, the adapt-or-manage-oneself domain involves a broad category of mental functioning.  Dkt. No. 30 at 15.  Per the regulations, the domain targets "the abilities to regulate emotions, control behavior, and maintain well-being in a work setting."  20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00(E)(4).  Examples include "*adapting to changes*; managing your psychologically based symptoms; . . . [and] maintaining personal hygiene and attire appropriate to a work setting."  *Id.* (emphasis added).  But these examples are only illustrative.  *Id.*  And the Social Security Act "does not require documentation of all the examples in any of the [domains]."  *Rodden v. Comm'r, Soc. Sec. Admin.*, No. 4:21-CV-884, 2022 WL 4349322, at *5 (N.D. Tex. Aug. 26, 2022) (emphasis omitted) (citing 20 C.F.R. pt. 404, subpt. P, app.1, § 12.00(E)(4)), *report & recommendation adopted sub nom. Rodden v. Kijakazi*, 2022 WL 4349318 (N.D. Tex. Sept. 19, 2022).  Whether a claimant adapts to changes is one factor for the ALJ to consider among many when assessing limitations in this domain.

Here, the ALJ adequately considered the plaintiff's capacity to adapt.  Addressing the fourth domain, the ALJ cited record evidence that the plaintiff "has difficulties handling stress [and] handling change."  Dkt. No. 15-1 at 28 (citing Dkt. No. 15-1 at 68–99, 318–25, 335–42).  This evidence includes the plaintiff's own indications that she does not do well with changes to her routine and "takes a while to adjust."  *Id.* at 324, 341.  The ALJ then weighed those statements against "objective evidence" bearing on the plaintiff's ability to adapt despite her limitations.  Dkt. No. 15-1 at 28.  That the plaintiff had "no problem getting along well with providers and staff[] and no problems with temper control" shows that she could adapt to fluid interpersonal situations despite her impairments.  *Id.*  By articulating her reasoning with citations to relevant evidence, the ALJ showed the work

underlying her conclusion that the plaintiff had only moderate limitations in the adapt-or-manage-oneself domain.  The substantial-evidence standard requires no more.

Relatedly, the plaintiff implies that the ALJ ignored evidence relating to her need for supervision and experience with simple stressors.  *See* Dkt. No. 31 at 3.  This evidence, in the plaintiff's view, "seem[s] more important to adapting to change than the rudimentary ability to take care of a plant, pets, and personal hygiene."  *Id.*  But there is no need for the ALJ to discuss every piece of evidence in the record, nor does the ALJ's failure to discuss the evidence establish a failure to consider the evidence.  *Castillo v. Barnhart*, 151 F. App'x 334, 335 (5th Cir. 2005) (citing *Falco*, 27 F.3d at 163).  ALJs wield significant discretion in deciding the appropriate weight to accord the various pieces of evidence in the record.  *See Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985).  Again, the ALJ here supported her conclusion with substantial evidence that the plaintiff had moderate limitations in adapting or managing herself.  *See* Dkt. No. 15-1 at 28.  Thus, the plaintiff's objection (*see* Dkt. No. 31 at 3–4) is overruled.

### B.     The ALJ sufficiently articulated her step-five conclusion.

The plaintiff points her other objection at the ALJ's step-five conclusion.  Again, an ALJ assesses at this step whether the claimant can perform sufficiently available jobs in the national economy given her RFC, among other characteristics.  20 C.F.R. § 404.1520(g)(1).  The ALJ in this case concluded that the plaintiff had the RFC to perform "light work," subject to some limitations.  Dkt. No. 15-1 at 29; *see* 20 C.F.R. § 404.1567(b).  One of those limitations is that the plaintiff "can understand, remember[,] and carry out simple tasks with simple instructions in a routine work setting."  Dkt. No. 15-1 at 29.

In reaching this conclusion, the ALJ considered the findings of two state agency psychological consultants—Dr. Michael Cremerius and Dr. Virginia Bell-Pringle. *Id.* at 33. They determined that the plaintiff "would be limited to detailed but not complex tasks in a routine work environment." *Id.* The ALJ, however, was "not persuaded." *Id.* In her view, the opinion that the plaintiff "could perform simple and detailed but not complex tasks" was not supported by the evidence upon which it was based and clashed with "repeated findings of the claimant's depressed and anxious mood and affect." *Id.* That evidence, the ALJ explained, supported "limiting the [plaintiff] to simple tasks," not detailed ones. *Id.*

Having determined the plaintiff's RFC, the ALJ found with the help of a vocational expert that the plaintiff could work as a retail marker, routing clerk, or mail clerk. *Id.* at 35–36. These jobs are found in the U.S. Department of Labor's *Dictionary of Occupational Titles*, (DOT), a compendium of professions that the Commissioner uses "for information about the requirements of work in the national economy." *Gaspard v. Soc. Sec. Admin. Comm'r*, 609 F. Supp. 2d 607, 612–13 (E.D. Tex. 2009) (quoting Soc. Sec. R. 00-4p, 2000 WL 1898704, at *2). The DOT lists "reasoning levels" for the three jobs at issue. Retail marker and routing clerk both require a reasoning level of two, defined in part as "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions." DOT 209.587-034 (retail marker), *available at* 1991 WL 671802; DOT 222.687-022 (routing clerk), *available at* 1991 WL 672133. Mail clerk, on the other hand, demands a reasoning level of three, which includes "[a]pply[ing] commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form" and "[d]eal[ing] with problems involving several concrete variables in or from standardized situations." DOT 209.687-026, *available at* 1991 WL 671813.

On appeal, the plaintiff questions how the ALJ's RFC determination—that she can perform "simple tasks with simple instructions"—can be squared with the ALJ's finding that she can perform jobs requiring "detailed but uninvolved" instructions or problems with "several concrete variables." *See* Dkt. No. 21 at 10–14.  Citing cases from this District and others, Judge McKay explained how an RFC restricting a claimant to short and simple instructions does not conflict with a reasoning level of two or three.  Dkt. No. 30 at 17–22 (citing, among other cases, *Alma H. v. Comm'r*, No. 3:24-CV-1895, 2025 WL 2592525, at *4 (N.D. Tex. Sept. 5, 2025)).  In her objection, the plaintiff sidesteps this analysis, arguing that the Commissioner—and by extension Judge McKay—"misstate[d]" her argument.  Dkt. No. 31 at 1.  As she frames it now, her argument is that the ALJ failed to explain the alleged inconsistency between the RFC and the step-five finding, even if an explanation is possible. *Id.* at 1–2.  This argument is both procedurally deficient and substantively lacking.

> **i.    The plaintiff abandoned her argument that the ALJ failed to explain why she could perform detail-oriented jobs despite her RFC.**

The plaintiff's opening brief does not raise the failure-to-explain argument that she now asserts.  At every turn, the plaintiff characterized her challenge as an attack on the substantiality of the evidence underlying the ALJ's step-five conclusion.  *See* Dkt. No. 21 at 10 ("The ALJ did not support her finding at Step Five of the sequential evaluation process for determining disability with substantial evidence."), *id.* at 14 ("The ALJ failed to support with substantial evidence [her] analysis of Plaintiff's ability to work identifiable jobs existing in significant numbers.").  The plaintiff cannot now claim that the Commissioner (or Judge McKay) did not recognize her argument as focusing on the ALJ's alleged failure to explain her decision.  Indeed, the plaintiff's statement of the issues presented frames the question as "[w]hether or not the ALJ supported her finding at Step Five . . . with substantial evidence."

*Id.* at 3.  And Judge McKay made clear in his scheduling order that "[a]ny issue not listed in this section may be deemed abandoned."  Dkt. No. 13 at 1.

No doubt, the plaintiff pressed the failure-to-explain argument in her reply brief, noting that it is "not a question of whether the ALJ *could* provide" an explanation for the alleged discrepancy between the RFC and the step-five conclusion, but "whether the ALJ actually did provide an explanation."  Dkt. No. 29 at 1–2 (emphasis in original).  The plaintiff admits as much in her objection by citing the reply brief as the source of the failure-to-explain argument.  *See* Dkt. No. 31 at 1 (citing Dkt. No. 29 at 2).  The Court typically "does not consider arguments raised for the first time in a reply brief."  *Garibay-Robledo v. Noem*, __ F. Supp. 3d __, No. 1:25-CV-177, 2026 WL 81679, at *7 n.9 (N.D. Tex. Jan. 9, 2026).  But because this rule is generally meant to allow the appellee to address all of the appellant's arguments, *see Springs Indus., Inc. v. Am. Motorists Ins. Co.*, 137 F.R.D. 238, 239 (N.D. Tex. 1991), and because the Commissioner did not file a response to the plaintiff's objection, the Court will also consider the merits.

### ii.   The ALJ's explanation for why she discounted Dr. Cremerius and Dr. Bell-Pringle's opinions was more than sufficient.

The plaintiff questions the ALJ's explanation for why she was not persuaded by Dr. Cremerius and Dr. Bell-Pringle.  Dkt. No. 31 at 1–2.  Both doctors opined that the plaintiff was limited to "detailed but not complex tasks," though the ALJ disagreed.  Dkt. No. 15-1 at 33.  In her view, the plaintiff was in fact limited to simple tasks.  *Id.*  And she explained why: the doctors' finding "is not adequately supported by a discussion of the evidence upon which it was based and . . . it is inconsistent with repeated findings of the claimant's depressed and anxious mood and affect."  *Id.*  The ALJ then backed up that reasoning with 31 record citations.  *Id.*  Her analysis thus "enables the [C]ourt to undertake

a meaningful review of whether [the] finding[s] with regard to the particular medical opinion[s] [were] supported by substantial evidence." *Keith S. v. O'Malley*, No. 1:23-CV-174, 2024 WL 4329138, at *3 (N.D. Tex. Aug. 13, 2024) (Hendrix, J.) (quotation omitted). Against that backdrop, substantial evidence supports the ALJ's decision to discount Dr. Cremerius and Dr. Bell-Pringle's opinions.

Contrary to the plaintiff's contentions, the ALJ did not have to give more explanation for why she limited the plaintiff to simple tasks at the RFC stage despite later finding that the plaintiff could perform jobs with reasoning levels that require some detailed work. *See* Dkt. No. 29 at 2. As Judge McKay explained, "there is no direct or apparent conflict between an RFC limiting a plaintiff to simple instructions or tasks and testimony that a plaintiff may perform work at a reasoning level of two." Dkt. No. 30 at 21 (quoting *Alma H.*, 2025 WL 2592525, at *4). Indeed, a "reasoning level of two has repeatedly been found to be consistent with" the ability to understand "simple instructions and perform simple tasks." *Castillo v. Colvin*, No. H-12-3512, 2014 WL 897798, at *14 (S.D. Tex. Mar. 6, 2014). The same goes for reasoning level three. *McMillian v. Colvin*, No. 4:12-CV-661, 2014 WL 61172, at *5 (N.D. Tex. Jan. 6, 2014). Without any potential conflict between the two findings, the ALJ had no duty to give more explanation than she already did. Thus, the plaintiff's objection (*see* Dkt. No. 31 at 1–3) is overruled.

**4.    Conclusion**

Having reviewed the objected-to portions of the FCR de novo, the Court overrules the plaintiff's objections. The ALJ's conclusions are supported by substantial evidence and adequately explained. No plain error exists elsewhere in the FCR, so it is adopted in full. The Commissioner's decision denying the plaintiff's application for benefits is affirmed.

– 14 –

So ordered on March 17, 2026.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE